IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF

v.            CASE NO. 06-50066

TROY WAYNE FLETCHER            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 12, 2014, Defendant Troy Wayne Fletcher (hereinafter referred to as "Defendant"), and his parents, Jim Fletcher and Lorraine Fletcher (the bond sureties) (hereinafter "the Fletchers") filed a Motion for Remission of Bond Forfeiture, or in the Alternative, Motion to Set Aside Bond Forfeiture. (Doc. 80). The Government filed a Response in opposition to the Motion, and the Fletchers filed a Reply. (Docs. 82, 85). The Motion has been referred to the undersigned for report and recommendation.

### Background

On November 15, 2006, a three-count Indictment was filed against Defendant. (Doc. 1). On November 20, 2006, Defendant appeared for an initial appearance, and entered a not guilty plea to the Indictment that charged him with receipt of child pornography in interstate and foreign commerce. (Doc. 2). On the same date, a Trial Notice was issued advising Defendant

AO72A
(Rev. 8/82)

that the trial would begin on January 8, 2007. (Doc. 4). A detention hearing was conducted on November 27, 2006, and the Court found that there were conditions that could be placed upon Defendant that would allow for him to remain out of custody until his scheduled criminal trial. (Doc. 5).

On November 28, 2006, an Order Setting Conditions of Release was entered on behalf of Defendant. (Doc. 7). The Order provided, in part, that Defendant was to be released to the custody of his mother, Lorraine Fletcher, under home confinement with electronic monitoring. The Order also required that Defendant post a $250,000.00 Appearance Bond to be signed by Defendant and the Fletchers, as sureties. In signing the Appearance Bond (Doc. 6), Defendant and the Fletchers acknowledged they were bound to the United States in the sum of $250,000.00, if Defendant failed to obey or perform any of the bond conditions. Those conditions were as follows:

> Troy Wayne Fletcher is to appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment...if defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court...if the bond is forfeited and if the forfeiture is not set aside or remitted, judgement may be entered upon motion...against each debtor jointly and severally for the amount...together with interest and cost, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

(Doc. 6). On November 29, 2006, a Warranty Deed and Deed of Trust of real property located in Benton County, Arkansas, were turned over to the United States District Clerk as collateral for the Appearance Bond. (Doc. Doc. 7, Attachment 1).

On December 12, 2006, William E. Dunn, Jr., who at the time was a Supervisory U.S. Probation Officer, filed a Bond Violation Report, advising the Court that Defendant had left his residence without permission and could not be located. (Doc. 12). The Court ordered a warrant for arrest be issued based on the fact that Defendant was in violation of the conditions of his release.

On December 14, 2006, the Government filed a Motion to Forfeit Bond, For Entry of Default Judgment, and Forfeiture of the Real Property Pledged as Security. (Docs. 13-14).

On January 8, 2007, Defendant failed to appear for trial. On January 8, 2007, the Court ordered the bond forfeited, but gave the Fletchers ten days to move to set aside the forfeiture. (Doc. 20).

The Fletchers, through counsel, filed a Motion for Remission of Bond Forfeiture on January 11, 2007. (Doc. 22). The Motion was taken under advisement by the Court (Doc. 24; Text Only Entry dated February 28, 2007), and a telephonic status conference occurred on March 15, 2007. (Text Only Entry dated March 15, 2007). A Supplemental Motion for Remission of Bond Forfeiture was filed by the Fletchers on March 20, 2007. (Doc. 25). By Order dated March 29, 2007, the Court granted the supplemental motion for remission of bond forfeiture to the extent that the Fletchers were permitted to mortgage or sell the real property pledged as a security for the bond. (Doc. 27).

On June 12, 2007, an Order was entered denying the Fletchers Motion for Remission of Bond Forfeiture, as the Fletchers no longer wished to pursue their motion at that time. (Doc. 29). On June 12, 2007, the Fletchers remitted $250,000.00, to the Clerk of the Court. (Text Only Entry dated June 12, 2007).

After an extensive fugitive investigation by law enforcement, Defendant was found living under an alias in Stone County, Missouri. (Doc. 49, p. 3). On October 2, 2009, Defendant was arrested in the Western District of Missouri. (Doc. 31). By Order dated October 7, 2009, Defendant was detained without bail, and returned to the Western District of Arkansas. (Doc. 30, Attachment 4).

On May 3, 2010, Defendant entered a guilty plea to Count 1, charging him with receipt of child pornography, in case number 5:06CR50066-001. Defendant also entered a guilty plea on Count 1 in case number 5:09CR50105-001, which charged him with failing to appear in Court case 5:06CR50066-001. (Doc. 48).

On October 20, 2010, Defendant filed a motion to withdraw his guilty plea. (Doc. 60). A hearing was held on October 22, 2010, and the motion was denied. (Doc. 62).

On October 22, 2010, Defendant was sentenced to 288 months in prison; a lifetime of supervised release; a $200.00 Special Assessment; and a $17,500.00 fine. (Doc. 66).

On November 3, 2010, Defendant filed a Notice of Appeal of his Judgment & Commitment to the Eighth Circuit Court of Appeals who affirmed the District Court's decision on October 18, 2011. (Docs. 67, 78).

On June 12, 2014, Defendant and the Fletchers filed the motion for remission of bond forfeiture. (Doc. 80). This motion was referred to the undersigned for a Report and Recommendation.

### Discussion

A bail bond is an enforceable contract between the government and the principal and surety to ensure the prompt appearance of a defendant during criminal proceedings as directed by the court. United States v. Wray, 389 F.Supp.1186, 1190 (W.D.Mo.1975). When a defendant fails to appear before the court as directed, the bond agreement is breached and the surety becomes absolutely liable in the amount of the bond. Appearance Bond Surety v. United States, 622 F.2d 334, 336 (8th Cir.1980). Pursuant to Rule 46(f)(1) the Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim P. 46 (f)(1). In this case, after Defendant failed to appear for his criminal trial, the Court granted the Government's motion for bond forfeiture on January 8, 2007, and the Fletchers paid the $250,000.00 bond to the Clerk of the Court, for the Western District of Arkansas, on June 12, 2007.

The Government pursued Defendant, and after almost three years of an extensive, multi-state investigation, Defendant was arrested in Missouri on October 2, 2009. Defendant was returned to this district, plead guilty to the charges against him, and was later sentenced on October 22, 2010. Defendant and the Fletchers now move for a remission of the bond forfeiture.

According to Fed.R.Crim.P. 46 (f)(2) & (4), a forfeiture may be set aside or remitted in whole or in part if justice does not require enforcement. Courts have looked at several factors in determining whether to remit or set aside a bail forfeiture. Those factors in the Eighth Circuit include: (1) the willfulness of the defendant's breach of conditions; (2) the expense,

inconvenience, and delay to the government; and (3) other mitigating circumstances.[1] Appearance Bond Sur, 622 F.2d at 336. The Court, however, may not consider the financial plight or interests of the surety. United States v. Ciotti, 579 F.Supp. 276, 278 (W.D.Pa.1984). See also United States v. Skipper, 633 F.2d 1177, 1180 (5th Cir.1981). The Court has the authority to set aside in whole or in part a bail forfeiture if "it appears that justice does not require bail forfeiture." Fed.R.Crim.P. 46(f)(2)(B). The Court can enforce the full forfeiture, even if all the factors are not resolved in the Government's favor. United States v. SAR-AVI, 255 F.3d 1163, 1167 (9th Cir. 2001)(citations omitted).

The Court will now address the factors considered when determining if a bond forfeiture should be remitted or set aside. As to the first factor, there is no question that Defendant willfully breached his condition of release when he absconded. As to the second factor, law enforcement expended numerous hours and resources for almost three years trying to locate and apprehend Defendant, who had assumed a false identity in an adjoining state in an attempt to evade detection. The Government was not required to set forth the exact cost of its extensive investigation and did not do so in this case; however, the time and resources expended searching for Defendant over a multi-state area for period of almost three years, and returning Defendant to this district would logically have used considerable financial resources. United States v. Cervantes, 672 F.2d 460, 463 (5th Cir. 1982)(..."when the defendant willfully breaches the

---

[1] In listing the factors to be considered when determining if a bond forfeiture should be set aside or remitted, the Government cited United States v. Gutierrez, 771 F.2d 1001, 1003 (7th Cir. 1985). In Gutierrez, the Court included a fourth factor which was "the participation of the sureties in apprehending the defendant." The Eighth Circuit has not added this additional factor; however, even if this factor was to be considered by the Court in this case it would not change the finding of the Court, as the Government stated that the sureties did not help with locating Defendant. Defendant stated the Fletchers "fully and completely cooperated with the investigation;" however, Defendant failed to provide specific details showing how the Fletchers helped with locating Defendant. (Doc. 85, p. 2).

condition of bond, and other factors weigh in favor of forfeiture, the district court may enforce the entire bond without determining the government's expense."); United States v. Abernathy, 757 F.2d 1012, 1015-1016 (9th Cir. 1985)( "the government's protracted search for, re-apprehension of, and additional proceedings against the appellants provide a basis for finding that the government suffered considerable cost and inconvenience even if the dollar amounts are unspecified"). Defendant and the Fletchers have not presented any circumstances mitigating Defendant's flight to avoid apprehension and willful disregard of the Court's orders,[2] nor have they explained the nearly five year delay in filing the motion now before the Court. The Court finds that remission of the $250,000.00 bond forfeiture, in any amount, is not justified in this case.

Finally, Defendant and the Fletchers requested a hearing on their motion for remission of the bond forfeiture. A court's decision to hold a hearing on remission is discretionary. United States v. Roher, 706 F.2d 725, 728 (5th Cir.1983); United States v. Diaz, 811 F.2d 1412, 1414 (11th Cir.1987). The Court finds that there is no need for an evidentiary hearing to be held in this matter, as Defendant and the Fletchers have not demonstrated a rational basis for remission of the bond forfeiture. See Diaz, 811 F.2d at 1414.

## Conclusion

Based on the forgoing, the undersigned recommends that the Motion for Remission of Bond Forfeiture, or in the Alternative, Motion to Set Aside Bond Forfeiture (Doc. 80) be

---

[2] The Court sees no merit to the argument that the Fletchers' due process rights were violated because the Fletchers were never served with the motion requesting forfeiture. The Fletchers clearly had notice of the forfeiture, as they hired separate counsel and they moved to remit or set aside the forfeiture, but subsequently decided not to pursue the motion and paid the $250,000.00 bond to the Clerk of the Court.

AO72A
(Rev. 8/82)

DENIED.  The Clerk of the Court is directed to send a copy of this Report and Recommendation to James and Lorraine Fletcher at 11770 Brush Arbor Road, Bentonville, AR 72712.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 17th day of November, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)