## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

v.                            **Case No. 5:06-CR-50066-001**

**TROY WAYNE FLETCHER**                                         **DEFENDANT**

### OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 86) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding a Motion for Remission of Bond Forfeiture (Doc. 80) filed by Defendant Troy Wayne Fletcher and joined by his parents, James and Lorraine Fletcher, who list themselves in the caption of the Motion as "Bond Sureties." Also before the Court are the Government's Response (Doc. 82), Defendant's Reply (Doc. 85), and Defendant's Objections to the R & R (Doc. 87). After careful review of the R & R (Doc. 86) and a *de novo* review of the record, the Court finds that Defendant's objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the R & R should be, and hereby is, **ADOPTED IN ITS ENTIRETY**.

### I. BACKGROUND

On November 15, 2006, a three-count Indictment was filed against Defendant charging him with receipt of child pornography. (Doc. 1). Defendant pleaded not guilty on November 20, 2006. A detention hearing was conducted on November 27, 2006, and the next day the Court filed an Order Setting Conditions of Release, (Doc. 5), in which Defendant was released to the custody of his mother, Lorraine Fletcher, under home confinement with electronic monitoring. The Order required that Defendant post a

$250,000 Appearance Bond. Defendant's parents signed the Appearance Bond, binding them as sureties, and posted their home as collateral. (Doc. 7-1).

Defendant later breached the conditions of his bond by absconding. Consequently, the bond was forfeited, and law enforcement commenced a three-year-long search for Defendant. After an extensive fugitive investigation, Defendant was found living under an alias in Stone County, Missouri, where he was arrested and then returned to the Western District of Arkansas on October 7, 2009. Defendant pleaded guilty and was sentenced on October 22, 2010. Defendant and his parents now move for remission of the bond forfeiture—five years after Defendant's arrest and sentencing.

The Magistrate recommends that Defendant's Motion be denied as neither Defendant nor his parents have demonstrated a rational basis for the remission of the bond. Defendant does not dispute the facts as presented by the Magistrate, but argues that his parents acted in good faith, and therefore should not be punished. Furthermore, while there is no dispute as to the willfulness of Defendant's flight, Defendant contends that any inconvenience or prejudice to the Government was minimal at best, because no trial had commenced.

## II. DISCUSSION

"A bail bond is an enforceable contract between the government and the principal and surety to ensure the prompt appearance of a defendant during criminal proceedings as directed by the court." *United States v. Ramos*, 2011 WL 2532916, at *1 (W.D. Mo. Jun. 17, 2011) (internal citation omitted). "When a defendant fails to appear before the court as directed, the bond agreement is breached and the surety becomes absolutely

liable in the amount of the bond." *Id.* (citing *Appearance Bond Sur. v. United States*, 622 F.2d 334, 336 (8th Cir. 1980)). The Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1).

According to Fed. R. Crim. P. 46(f)(2) and (4), a forfeiture may be set aside or remitted in whole or in part if "it appears that justice does not require bail forfeiture." The Eighth Circuit considers three factors in determining whether justice requires forfeiture: (1) the willfulness of the defendant's breach of conditions; (2) the expense, inconvenience, and delay to the government; and (3) other mitigating circumstances. *Appearance Bond Sur.*, 622 F.2d at 336. The Court, however, may not consider the financial plight or interests of the surety. *United States v. Famiglietti*, 548 F. Supp. 2d 398, 407 (9th Cir. 2008); *see also United States v. Diaz*, 811 F.2d 1412, 1416 (11th Cir. 1987) (finding that although appellants stood to lose their house as a result of this forfeiture, their financial plight was not within the criterion with which the court may base its decision on remission); *United States v. Gutierrez*, 771 F.2d 1001, 1004 (7th Cir. 1985) ("The court . . . may not consider the financial plight or interests of the movant."); *United States v. Skipper*, 633 F.2d 1177, 1180 (5th Cir. 1981) (where defendant was still at large, justice required enforcement of forfeiture despite significant financial hardship to sureties); *United States v. Villalobos*, 2005 WL 6127290, at *3-*4 (N.D. Cal. Feb. 17, 2005) (discussing policy rationale for why courts should not consider such financial interests). As to the first factor, there is no question that Defendant willfully breached his condition of release when he absconded. As to the second factor, law enforcement expended numerous hours and resources for almost three years attempting to locate and apprehend Defendant. As the

Magistrate notes, the Government was not required to set forth the exact cost of its extensive investigation and did not do so in this case; however, the time and resources expended searching for Defendant over a multi-state area and returning Defendant to this district reasonably would have required considerable financial resources.  *See United States v. Abernathy*, 757 F.2d 1012, 1015-16 (9th Cir. 1985) ("[T]he government's protracted search for, re-apprehension of, and additional proceedings against the appellants provide a basis for finding that the government suffered considerable cost and inconvenience even if the dollar amounts are unspecified."); *United States v. Cervantes*, 672 F.2d 460, 463 (5th Cir. 1982) ("[W]hen the defendant willfully breaches the condition of bond, and other factors weigh in favor of forfeiture, the district court may enforce the entire bond without determining the government's expense.").

Turning to the third factor, Defendant and his parents have not presented any mitigating circumstances that outweigh Defendant's flight to avoid apprehension and willful disregard of the Court's orders, nor have they explained the nearly five-year delay in filing the Motion now before the Court.  *See Babb v. United States*, 414 F.2d 719, 722 (10th Cir. 1968) ("Rule 46[f] provides no time limit for bringing an action to set aside forfeiture or to remit any or all of judgment, but if application for vacation or remission of forfeiture to Rule 46 is inexcusably delayed, it may be refused.").  In considering these factors, the Court finds that remission of the $250,000.00 bond forfeiture, in any amount, is not justified in this case.[1]

---

[1]Although Defendant and his parents requested a hearing on their Motion for Remission of Bond Forfeiture, a court's decision to hold a hearing on remission is discretionary. *United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011).

## III. CONCLUSION

The Report and Recommendations (Doc. 86) is proper, and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Defendant Troy Wayne Fletcher's Motion for Remission of Bond (Doc. 80) is **DENIED**.

**IT IS SO ORDERED** this 15th day of April, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE